O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 10-05575 ODW (JCx) | Date | March 24, 2011 |
|---|---|---|---|
| Title | *Corby v. American Express Company, et al.* | | |

Present: The Honorable Otis D. Wright II, United States District Judge

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s):
Not Present | Not Present

**Proceedings (In Chambers):** **Order GRANTING in Part and DENYING in Part Plaintiff's Motion for Leave to File First Amended Complaint [32] (Filed 02/28/11)**

## I.     INTRODUCTION

Pending before the Court is Plaintiff, Russell Corby's ("Plaintiff"), February 28, 2011 Motion for Leave to File a First Amended Complaint. (Dkt. No. 32.) Defendant, American Express Bank, FSB, filed an Opposition on March 7, 2011, to which Plaintiff filed a Reply on March 9, 2011. (Dkt. Nos. 34, 35.) Having considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. FED. R. CIV. P. 78; L.R. 7-15. For the following reasons, Plaintiff's Motion is **GRANTED in Part** and **DENIED in Part**.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

On July 27, 2010, Plaintiff filed a complaint in this Court against Defendants, American Express Bank, FSB, incorrectly sued as American Express Company ("American Express"), Transunion Corp., Equifax, Inc., and Experian Information Solutions, Inc. (collectively, "Defendants"). (Dkt. No. 1.) Plaintiff's operative Complaint alleges claims for: (1) violation of the Fair Credit Reporting Act and (2) violation of the California Fair Debt Collection Practices Act (the "CFDCPA"). (*Id.*)

On October 22, 2010, the Court issued a Scheduling and Case Management Order ("Scheduling Order"), pursuant to which the last day to file an amended pleading was

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-05575  ODW (JCx) | Date | March 24, 2011 |
|---|---|---|---|
| Title | *Corby v. American Express Company, et al.* | | |

January 17, 2011. (Dkt. No. 26.)  On February 28, 2011, Plaintiff filed the instant Motion, seeking leave to amend his Complaint to add: (1) a defendant, Equifax Information Services, and (2) a cause of action for violation of California's Consumer Credit Reporting Agencies Act (the "CCCRAA").  (Mot at 2.)  Plaintiff asserts that amendment is warranted because, at a deposition taken on February 24, 2011 (the "February 24, 2011 Deposition"), he learned new information regarding the parties and claims at issue in this case.  Specifically, Plaintiff claims he learned that Defendant, Equifax, Inc., is only a holding company and not a proper party to this action.  (Mot. at 3.)  Rather, Equifax Information Services is the proper defendant.  (*Id.*)  Additionally, Plaintiff asserts that he learned of American Express's intention to attack Plaintiff's second cause of action for violation of  the CFDCPA on the basis that the alleged debt in question is primarily a business debt.  (*Id.*)  While Plaintiff disputes the validity of this defense to the CFDCPA, he states that the CCCRAA "does not have an exclusion for business debt on a personal credit report and may well be a more appropriate cause of action for [P]laintiff in this case."  (Mot at 3-4.)  The Court will discuss the merits of Plaintiff's requests below.

## III. DISCUSSION

### A. LEGAL STANDARD

"'The district court is given broad discretion in supervising the pretrial phase of litigation[.]'" *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)).  Specifically, with regard to scheduling orders, the Ninth Circuit states that a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Johnson*, 975 F.2d at 610.  After the district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16, a party seeking to amend a pleading after a date specified in the scheduling order must show "good cause."  *Id.* at 607-09; FED. R. CIV. P. 16(b)(4). When considering whether a party has demonstrated good cause, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, [but] the focus of the inquiry is upon the moving party's reasons for seeking the modification."  *Id.* at 609.  The Court must "primarily consider[] the diligence of the party seeking amendment" and should only modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Id.*  If the party seeking the modification "was not diligent, the inquiry should

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-05575 ODW (JCx) | Date | March 24, 2011 |
|---|---|---|---|
| Title | *Corby v. American Express Company, et al.* | | |

end" and the motion to modify should not be granted. *Id.*

### B. PLAINTIFF'S REQUESTED AMENDMENTS

In his papers, Plaintiff essentially disregards the applicability of the "good cause" standard under Federal Rule of Civil Procedure 16(b), and instead attempts to engage the Court in an analysis of the more liberal standards applicable under Federal Rule of Civil Procedure 15(a). The Ninth Circuit, however, is clear that in the context of a request for late amendment *after* the issuance of a scheduling order, a court must consider whether "good cause" exists before considering whether an amendment is appropriate under Rule 15(a). *See, e.g., Johnson*, 975 F.2d at 608. Thus, the Court will consider whether Plaintiff has established "good cause" under Rule 16(b).

First, Plaintiff seeks to add Equifax Information Services as a defendant. Plaintiff claims he first learned that Equifax Information Services was a proper defendant at the February 24, 2011 Deposition. (Mot. at 3.) Because Defendant Equifax, Inc. did not inform Plaintiff that it was erroneously sued until the February 24, 2011 Deposition, Plaintiff had no reason to know of Equifax Information Services's existence or potential liability. In light of this, the Court finds that Plaintiff was not afforded the proper information to formulate his claims against Equifax Information Services until February 24, 2011, and therefore could not reasonably meet the January 17, 2011 deadline set forth in the Scheduling Order. Furthermore, Defendants do not oppose the addition of Equifax Information Services as a defendant. Accordingly, Plaintiff's Motion to File a First Amended Complaint to add Equifax Information Services as a defendant is **GRANTED**.

Second, Plaintiff seeks to add a third cause of action under the CCCRAA. Plaintiff contends that, at the February 24, 2011 Deposition, he learned of American Express's intention to attack his second cause of action for violation of the CFDCPA on the basis that the alleged debt in question is primarily a business debt. (Mot. at 3.) To overcome this defense, Plaintiff wishes to add a cause of action under the CCCRAA, which "does not have an exclusion for business debt on a personal credit report and may well be a more appropriate cause of action for [P]laintiff in this case." (Mot. at 3-4.) As set forth above, to amend his Complaint at this stage, Plaintiff must establish "good cause."

In support of his contention that he has established "good cause," Plaintiff states that

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-05575 ODW (JCx) | Date | March 24, 2011 |
|---|---|---|---|
| Title | *Corby v. American Express Company, et al.* | | |

he "promptly prepared the proposed first amended complaint the day immediately following the [February 24, 2011 Deposition], at which counsel for [American Express] and Equifax made it clear that they intended to focus their defenses on the issues cured by the proposed amendments." (Mot. at 4.) Plaintiff's prompt preparation of the instant Motion, however, is not persuasive considering that Plaintiff has been aware of the facts comprising his proposed cause of action since the inception of this case. Indeed, Plaintiff admits that his cause of action under the CCCRAA is "based on precisely the same conduct which has previously been alleged against [American Express]." (Mot. at 3.) Other than his ignorance of the potential cause of action under the CCCRAA or his simple failure to include it, Plaintiff offers no explanation as to why he did not include this claim in his original Complaint. While it may be "difficult to know or predict which of many possible directions defendant's strategy will take," (Reply at 2), this difficulty does not provide a sufficient reason why the deadline set forth in the Scheduling Order could not "reasonably be met." *Johnson*, 975 F.2d at 609. In light of the foregoing, the Court finds that Plaintiff has not exhibited the requisite diligence and thus, "good cause" is lacking. Accordingly, Plaintiff's Motion to File a First Amended Complaint to add a third cause of action under the CCCRAA is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File a First Amended Complaint is **GRANTED in Part** and **DENIED in Part**. Within ten (10) days of the date of this Order, Plaintiff shall file a First Amended Complaint according to the limited leave granted herein.

**IT IS SO ORDERED.**

|  | ---- | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | RGN | |